**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**DAVID VASQUEZ RAMIREZ,** *

**Plaintiff** *

**v.** * **CIVIL NO. JKB-14-2168**

**AMAZING HOME CONTRACTORS, INC., *et al.*** *

**Defendants** *

* * * * * * * * * * * *

**MEMORANDUM**[1]

David Vasquez Ramirez ("Plaintiff") brought this suit against Amazing Home Contractors, Inc. ("AHC") and James Ryder, Jr. (collectively, "Defendants") for violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-503 *et seq.* AHC is a home improvement business that performs "roofing and landscaping services" in Maryland, (ECF No. 19-1 at 1-2), and James Ryder, Jr. is an owner of AHC (ECF No. 19-2). Plaintiff was formerly employed by AHC, and is a resident of Maryland. (ECF No. 1 ¶¶ 1, 14.)

On July 7, 2014, Plaintiff filed this lawsuit alleging that Defendants failed to pay overtime wages in violation of the FLSA, MWHL, and MWPCL. (ECF No. 1.) After Defendants filed their Answer to Plaintiff's Complaint (ECF No. 5), the Court entered a

[1] When considering a motion for summary judgment, the facts and the inferences to be drawn therefrom are taken in the light most favorable to the party opposing the motion for summary judgment. *Scott v. Harris*, 550 U.S. 372 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

scheduling order setting deadlines for the remainder of Plaintiff's case (ECF No. 11). According to the Court's order, discovery closed on January 26, 2015, and dispositive motions were due on February 23. (*Id.*)

Now pending before the Court is Defendants' motion for summary judgment. (ECF No. 19.) The issues have been briefed (ECF Nos. 19, 21, and 24), and no hearing is required, Local Rule 105.6. For the reasons explained below, Defendants' motion for summary judgment (ECF No. 19) will be GRANTED IN PART AND DENIED IN PART.

***I. Standard for Summary Judgment***

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal

knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

Critically, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

***II. Analysis***

Plaintiff alleges that Defendants failed to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207. "An employee *to whom the FLSA's overtime coverage applies* and who works more than forty hours in a workweek is entitled to one and one-half times the employee's regular rate of compensation for all hours above forty." *Veney v. John W. Clarke, Inc.*, 28 F. Supp. 3d 435, 440 (D. Md. 2014) (emphasis added). The FLSA's overtime coverage applies in two scenarios: First, in what has been termed *individual coverage*, § 207 applies to any *employee* "who in any workweek is engaged in commerce or in the production of goods for commerce . . . ." 29 U.S.C. § 207(a)(1). Alternatively, in what has been termed *enterprise coverage*, § 207 applies to any *employer* that is "an enterprise engaged in commerce or in the production of goods for commerce . . . ." *Id.*

The term *commerce* is a key component in both individual and enterprise coverage, and is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Further, the term *enterprise engaged in commerce or in the production of goods for commerce* is a necessary component in enterprise coverage, and is defined as an enterprise that:

> Has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on

> goods or materials that have been moved in or produced for commerce by any person; and
> Is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

*Id.* § 203(s)(1)(A). With these definitions in mind, Defendants argue that Plaintiff cannot show that he was engaged in commerce or the production of goods for commerce pursuant to § 203(b), and cannot show that Defendants are an enterprise engaged in commerce or in the production of goods for commerce pursuant to § 203(s)(1)(A).

FLSA coverage (individual or enterprise) is an essential element of a plaintiff's FLSA claim. *See, e.g.*, *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (holding that the annual dollar value requirement of *enterprise* coverage is "an element of the claim"); *Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, Civ. No. GJH-13-01888, 2015 WL 165305, at *5-6 (D. Md. Jan. 12, 2015) ("A plaintiff wishing to invoke the protections offered by the FLSA must satisfy the requirements for either individual or enterprise coverage."); *Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 601 (D. Md. 2014) ("[W]hether a defendant is an employer as defined by the FLSA is an element of the plaintiff's meritorious FLSA claim . . . ."); *Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1348-51 (S.D. Fl. 2009) (finding "that individual or enterprise coverage under the FLSA is an element of a plaintiff's claim for relief").[2] Here, Plaintiff will bear the burden of proof on this element at trial, and thus Plaintiff must make a showing sufficient to establish the existence of FLSA coverage to survive Defendants' motion for summary judgment. *See Celotex*, 477 U.S. at 322.

[2] These same courts uniformly hold that FLSA coverage *is not* a jurisdictional issue, relying on the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). In *Arbaugh*, the Court held that a defendant's status as an *employer* under Title VII "is an element of plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 506, 516. The Court explained that, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* This Court now joins those courts cited above, and applies the holding of *Arbaugh* to Plaintiff's FLSA claim. *See Chao*, 493 F.3d at 33; *Gilbert*, 32 F. Supp. 3d at 601.

Plaintiff wrongly attempts to shift this burden, arguing that Defendants must prove the *absence* of FLSA coverage to succeed in their motion for summary judgment. Plaintiff contends that FLSA "non-coverage" is a question of *exemption*, and that "[t]he burden of proving an employee is exempt is very high and requires plain and unmistakeable evidence that an employee falls within an exempted category of the FLSA." (ECF No. 21 at 8-9.) Plaintiff is correct in one sense; exemptions to the FLSA are to be construed narrowly. *See Purdham v. Fairfax Cnty. Sch. Bd.*, 637 F.3d 421, 427 (4th Cir. 2011). But Plaintiff conflates FLSA *coverage* under § 207—a threshold element for any FLSA overtime claim—with FLSA *exemptions*.[3] Plaintiff does not cite to any legal authority to support this flawed proposition.

If Plaintiff claims individual coverage—and he does (ECF No. 1 ¶ 10)—then it is Plaintiff's burden to show that he engaged "in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). That includes showing that such *commerce* occurred "among the several States or between any State and any place outside thereof." *Id.* § 203(b). And if Plaintiff claims enterprise coverage—and he does (ECF No. 1 ¶ 11)—then it is Plaintiff's burden to show that AHC was an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). That includes showing AHC's gross annual revenue was not less than $500,000. *Id.* § 203(s)(1)(A)(ii).

Discovery is now closed (*see* ECF No. 11), and yet apparently Plaintiff is unable to produce any evidence to satisfy these crucial elements of FLSA coverage. Plaintiff's only shred of evidence on this question appears in the deposition transcript of Defendant James Ryder, Jr. (ECF No. 21-3.) Plaintiff's counsel asked, "In 2013 Amazing Home Contractors had a gross

[3] The Court notes that most exemptions appear in a section titled, descriptively, "Exemptions." 29 U.S.C. § 213. A small number of stray exemptions can be found in the "Definitions" section of the statute, and are always preceded by the phrase "does not include." *Id.* § 203 (for example, the term *employee* "does not include" certain "individual[s] employed by an employer engaged in agriculture," and certain "volunteers").

revenue of over $500,000; is that correct?" (*Id.* at 9.) Defendant Ryder responded: "I'm not sure." (*Id.*) This evidence is plainly insufficient to establish the existence of FLSA coverage, and no reasonable jury could render a verdict for Plaintiff on these facts alone. Thus, the Court will issue judgment for Defendants on Plaintiff's FLSA claim.

By issuing judgment for Defendants on Plaintiff's only federal claim, it is within the Court's discretion to retain supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court finds no compelling reason to do so, and thus will dismiss Plaintiff's remaining claims without prejudice.

***III. Conclusion***

Accordingly, an order will issue GRANTING IN PART AND DENYING IN PART Defendants' motion for summary judgment (ECF No. 19).

DATED this _14th_ day of July, 2015.

BY THE COURT:

/s/

James K. Bredar
United States District Judge